UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STEVE EUGENE MOONEY, III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-20-112-P |
| ) | |
| **ANDREW SAUL,** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of Defendant Commissioner's final decision denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___). The parties have briefed the issues and consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). For the following reasons, Defendant Commissioner's decision is reversed, and the case is remanded for further consideration consistent with this Order.

I. Administrative History

Plaintiff filed the relevant claim for DIB on June 14, 2017, claiming he had become unable to work on April 28, 2017. The claim was denied initially and on reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff and an impartial vocational expert ("VE") testified at an administrative hearing on March 14, 2019. AR 27-55.

In his May 23, 2019 unfavorable decision, the ALJ found Plaintiff meets the insured status requirement of the Social Security Act through December 31, 2019. AR 14. Following sequential evaluation procedure, the ALJ found Plaintiff retained the ability to perform jobs existing in significant numbers in the national economy, and that, therefore, Plaintiff had not been disabled within the meaning of the Social Security Act through the date of the unfavorable decision. AR 19-20.

On review, The Appeals Council denied Plaintiff's request for review, AR 1-6, making the ALJ's decision the final decision of Defendant. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. General Legal Standards Guiding Judicial Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1153 (2019); *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Substantial evidence "means . . . 'such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek*, 139 S.Ct. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted).

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401 *et seq.* A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A); *see* 20 C.F.R. § 404.1509 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The agency follows a five-step sequential evaluation procedure in resolving the claims of disability applicants. *See* 20 C.F.R. § 404.1520(a)(4), (b)-(g). "If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the [RFC] to perform

other work in the national economy in view of her age, education, and work experience." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). "The claimant is entitled to disability benefits only if he is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

### III.    The Commissioner's Decision

At the first step of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date, April 28, 2017. AR 14. At step two, the ALJ found Plaintiff's medically determinable severe impairments included degenerative disc disease, depressive disorder, migraines, and obesity. *Id.* In considering Plaintiff's severe impairments at step three, the ALJ found none of Plaintiff's impairments, singly or in combination, met or medically equaled the requirements of a listed impairment. *Id*. The ALJ then formulated Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl.  The claimant cannot climb ladders, ropes or scaffolds. The claimant can occasionally reach overhead. The claimant is to avoid even moderate exposure to hazards, such as unprotected heights and heavy machinery. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can relate to supervisors and co-workers on a superficial work basis. The claimant can have occasional contact with the general public. The claimant can adapt to a work situation.

AR 16.

At the fourth step of the sequential evaluation, the ALJ determined Plaintiff could not perform any of his past relevant work as a corrections officer, electrician, automotive mechanic, or diesel mechanic because all of these jobs exceed Plaintiff's RFC for light work. AR. 19.

At step five of the sequential evaluation, the ALJ considered Plaintiff's age, education, and ability to communicate in English. At thirty-four years old, Plaintiff is classified as a "younger individual" in the Medical-Vocational Rules. Although the ALJ stated Plaintiff has "at least a high school education," it appears Plaintiff did not complete all the credits needed for a high school diploma, but instead received a special education diploma. Plaintiff can, however, communicate in English as evidenced by the hearing transcript. Considering these findings, the ALJ, using the Medical-Vocational Rules as a framework, determined transferability of skills was immaterial to the ultimate decision regarding disability. Then, relying on the testimony of the VE, the ALJ determined Plaintiff could perform other jobs existing in significant numbers in the national economy including merchandise marker, mail sorter, and routing clerk. All of these jobs require only light exertion and are unskilled. AR 20.

IV.   Issues Raised

Plaintiff contends the ALJ erred in failing to further develop the medical record. According to Plaintiff, the ALJ's failure to acquire more medical evidence led to an insufficiently supported RFC and unsupported hypothetical questions to the VE. He further challenges the ALJ's evaluation of his subjective symptoms in light of the medical record. Finally, Plaintiff contends the ALJ's step-five findings were not supported by substantial evidence.

V.   Analysis

The ALJ concluded Plaintiff's allegations regarding his pain and other symptoms, including his complaints of frequent migraine headaches, were inconsistent with the medical record. With regard to Plaintiff's claims regarding migraine headaches, this Court disagrees, and this finding is dispositive. Regarding the evidence of Plaintiff's frequent, debilitating migraine headaches, the ALJ not only misstated the record but also failed to discuss relevant and highly probative medical evidence.

With regard to the misstatement of the underlying record, in his decision the ALJ concluded:

> As for claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent. While claimant was diagnosed with migraines, the medical evidence submitted at the hearing does not show neurological treatment or

>prescription medication. The claimant did not receive emergent [sic][1] care for a migraine during the period at issue.

AR 17. To the contrary, however, the record demonstrates that Plaintiff was prescribed Candesartan Cilexetil for migraines. AR 327. Further, at the hearing, Plaintiff's representative emphasized that Plaintiff was taking this medication for his migraines as well as for high blood pressure:

>[T]he Candesartan, my client pointed out to me, was given to him for high blood pressure but it's also a medication used for migraine headaches[.]

AR 33. Moreover, the medical evidence cited above supports the representative's statement.

The ALJ also failed to discuss relevant and probative medical evidence. He states that he did not give "any specific evidentiary weight . . . to any prior administrative medical finding(s) or medical opinion(s)[.] AR 18. The ALJ also states that he did find the State agency medical consultant's opinion[2] at the reconsideration level to be "persuasive, as it is consistent with the comprehensive

---

[1] The Court assumes the ALJ meant that Plaintiff did not receive any "emergency" treatment. Lack of emergency treatment for migraine headaches does not, however, support a conclusion that a person's migraine headaches are not disabling based on the lack of emergency treatment for the condition. *See, cf., Robinson v. Astrue*, No. CIV-08-1117-F, 2009 WL 3755039, at *5 (W.D. Okla. Nov. 5, 2009) (finding that the claimant's decision to forego emergency medical care on a weekend cannot be considered a failure to follow prescribed medical treatment). The ALJ's consistency assessment is not supported by substantial evidence in the record.

[2] Dr. Charles Moore, M.D., was the State consultative examiner on reconsideration of denial of benefits.

review of the medical evidence." AR 18. In discussing Dr. Moore's opinions, however, the ALJ cited only the portions supporting his own conclusion regarding the disabling effects of Plaintiff's back injuries. AR 18. The ALJ seemingly ignored Dr. Moore's opinion that "[Plaintiff's] migraine headaches do appear to require critical care." AR 89.

Further, as a former member of the United States Marine Corps, Plaintiff receives his medical treatment from Veteran's Administration ("VA") medical facilities. Plaintiff sustained service-related injuries including back injuries and a concussion, which preceded the onset of his migraine headaches. Originally, the VA assessed Plaintiff's migraine headaches at 30% disabling. On November 17, 2016, however, the VA reassessed the severity of Plaintiff's migraine headaches and increased the percentage of disability to 50%—the highest percentage available for migraines. AR 214. Based on the underlying medical evidence of record, the VA described Plaintiff's migraines as "[v]ery frequent completely prostrating and prolonged attacks productive of severe economic inadaptability" and found these "characteristic prostrating attacks occurring on an average once a month[.]" *Id.* The VA found Plaintiff to be entitled to 100% of available benefits based on the fact that he was "unable to secure or follow a substantially gainful occupation as a result of service -connected disabilities." AR 215.

In his decision, the ALJ correctly states that he need not *defer* to any prior administrative findings. AR 18. The ALJ seemingly ignored the applicable regulation providing that the SSA "will *consider all of the supporting evidence underlying* the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4)." 20 C.F.R. § 404.1504 (emphasis provided). *See also Green v. Comm'r, Soc. Sec. Admin.*, 734 F. App'x 600, 603 (10th Cir. 2018) (noting that the ALJ has a duty to discuss significantly probative evidence he rejects).[3]

In this case, the ALJ states, "The VA Disability Rating . . . is not persuasive because the same is not supported by the evidence." AR 18. In support of this statement, the ALJ again referenced only the VA evidence about Plaintiff's mental status and back impairments. The ALJ failed to discuss the VA evidence underlying its disability rating for Plaintiff's migraine headaches. *Id.* As noted, the ALJ misstated the record demonstrating Plaintiff had been prescribed medicine for his migraines and relied on Plaintiff's having received no emergency care for his

---

[3] In *Green*, based on when the plaintiff filed his claim for social security benefits, the Tenth Circuit considered the ALJ's decision in light of the previous iteration of 20 C.F.R. §404.1504 (2015), Here, Plaintiff filed his claim for DIB after the effective date of the revised regulation, which emphasizes that an ALJ need not provide an *analysis* of "a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." 20 C.F.R. Section 404.1504 (effective March 27, 2017). Both versions of the regulations, however, require an ALJ to consider the underlying medical evidence supporting the other entity's disability decision. *Id.*

migraines—a step that would not be necessary if one already had the prescribed medication and in any event, is not a requirement for a disability finding. Thus, the evidence upon which the ALJ based his unfavorable decision, as it pertains to Plaintiff's allegations of disabling migraine headaches, is overwhelmed by evidence to the contrary and/or is lacking consideration of relevant and highly probative evidence, necessitating reversal and remand for further consideration.

Although the ALJ's faulty consistency analysis is dispositive, this Court notes that the ALJ's failure to consider the severity of Plaintiff's migraine headaches potentially affected his step five decision. As Plaintiff notes, none of the ALJ's hypothetical questions to the VE reflect the absenteeism Plaintiff would likely have because of his migraine headaches. In one hypothetical question to the VE, the ALJ did include absenteeism of "two or more days or work per month" among other severe limitations. The VE testified the limitations would preclude competitive employment. AR 53-54.[4] Although the hypothetical question does not track Plaintiff's exact allegations of disability, the VE's testimony does indicate the need for further questioning.

---

[4] The Court notes that the VE's testimony was not specifically directed at absenteeism. The hypothetical question included inability to sit, stand and walk for a combined total of less than eight hours during an eight hour workday or the necessity of taking unscheduled breaks. On remand, the ALJ will have the opportunity to question the VE specifically about the effect of absenteeism on the ability to sustain competitive employment.

VI.     Conclusion

Based on the foregoing analysis, Defendant Commissioner's final decision is REVERSED and REMANDED for further consideration consistent with this Order. Judgment will issue accordingly.

ENTERED this  18th  day of    December, 2020.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE